# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Frederick Lynn Sellers, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:04-22627-12 |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

On October 15, 2004, pursuant to 28 U.S.C. § 2255, Frederick Lynn Sellers ("petitioner") commenced this pro se action attacking his conviction. On December 22, 2004, the government moved for summary judgment. On December 30, 2004, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. To this date, the petitioner has not responded to the government's motion for summary judgment. This matter is now before the Court for disposition.

On April 19, 2001, a federal grand jury charged the petitioner in a ten count indictment. The petitioner proceeded to a jury trial where he was convicted of: Count (1) conspiracy to possess and distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 846, Count (2) possession with the intent to distribute and did distribute less than 5 grams crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Count (3) possession with the intent to distribute and did distribute less than 5 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Count (4) possession with the intent to distribute and did distribute less than 5 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Counts (6), (7), (8), and (9) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a), and Count (10) kidnapping resulting in death in violation of 18

U.S.C. § 1201.  On April 23, 2002, the Court sentenced the petitioner to life in prison.

The petitioner appealed his conviction and sentence raising the following issues:  (1) insufficient evidence to convict him of a kidnapping charge which affected interstate commerce because his victim consented to being transported across state lines, (2) improper joinder of his counts for kidnapping (Count (10)) and felon in possession of a firearm (Count (8)) with the rest of the petitioner's possessions of a firearm and drug conspiracy and possession counts, and (3) improper enhancement of the petitioner's drug conspiracy conviction sentence based upon the murder of his victim.  The Court of Appeals reviewed the petitioner's first claim under a sufficiency of the evidence standard, the second claim *de novo* and abuse of discretion standard[1], and the third claim under a clear error standard.

On May 7, 2003, the Fourth Circuit Court of Appeals analyzed these issues and affirmed the petitioner's conviction and sentence.  On October 20, 2003, the Supreme Court denied the petition for writ of certiorari.

The petitioner raises the following claims in his petition: (1) the Court charged the jury with an aiding and abetting charge, but the petitioner was only charged in an indictment for being the principal actor and not for aiding and abetting.  In addition, at trial, the government only presented evidence that the petitioner was guilty of aiding and abetting and not being the principal actor; (2) ineffective assistance of counsel for allowing the Court to charge the jury with an aiding and abetting offense not included in the petitioner's indictment; (3) the

---

[1] The Court of Appeals first used a *de novo* standard to decide that joinder of the petitioner's offenses was proper under Rule 8(a) of the Federal Rules of Criminal Procedure. The Court of Appeals subsequently held that the Court did not abuse its discretion by denying the petitioner's motion for severance based on the Court of Appeal's determination that the petitioner was not prejudiced by the joinder of the offenses.

petitioner's sentence violates the principles set forth in Blakely v. Washington, 124 S.Ct. 2531, 2536 (2004); and (4) the Court improperly allowed the jury to hear evidence of defendant's prior arrest for aggravated assault.

First, the petitioner claims that the Court charged and the jury convicted him of aiding and abetting the kidnapping and death of Larry Bristow, but he was only indicted for the kidnapping and resulting death of Bristow and not aiding and abetting. Accessories of a crime against the United States will be punished as the principal. See 18 U.S.C. § 2. Aiding and abetting is not an independent crime under section 2. United States v. Scroger, 98 F.3d 1256, 1262 (10th Cir. 1996). Because section 2 makes it clear that all accessories will be punished as a principal, aiding and abetting is implicit in all indictments. United States v. Dodd, 43 F.3d 759, 762 n. 5 (1st Cir. 1995). As a result, the government is not required to specifically charge a defendant for aiding and abetting a crime as long as the government charges the defendant with being the principal actor of the crime. The petitioner is not entitled to relief on this claim.[2]

Second, the petitioner contends that counsel was ineffective for not objecting to this improper charge. In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984). The Strickland Court established a standard for determining when counsel has performed in a manner so defective as

---

[2] The Fourth Circuit Court of Appeals applied this reasoning in United States v. Rashawan, 328 F.3d 160, 165 (4th Cir. 2003). The Court of Appeals, however, decided this case after the petitioner's criminal conviction. As a result, the decision was not binding precedent at the time of the petitioner's conviction. The Court believes that had the Fourth Circuit addressed this issue before the petitioner's conviction, the result would have been the same. The Court, therefore, applies the reasoning to this case.

to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. With this legal background in mind, the Court turns to the petitioner's claim of ineffective assistance of counsel. As explained above, the petitioner's claim is without merit and counsel was not ineffective for failing to raise the claim. Counsel's decision not to raise the claim did not prejudice the petitioner. The petitioner is not entitled to relief on this claim.

Third, the petitioner claims that his sentence violates the principles set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004). Recently, the United States Supreme Court reaffirmed those principles. See United States v. Booker, 125 S. Ct. 738 (2005). The Supreme Court,

however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25.

Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). Here, the petitioner's case has run its course and his conviction and sentence became final in 2003, "well before Booker was issued, and its approach therefore does not govern [this] collateral proceeding." Id.

Fourth, the petitioner claims that the government presented evidence concerning the petitioner's past convictions for aggravated assault which was not relevant to the petitioner's charge of aiding and abetting the kidnapping and death of Larry Bristow. This evidence, the petitioner claims, was an attack on his character and not relevant under Rule 404(b) of the Federal Rules of Evidence. The petitioner also argues that counsel was ineffective for not raising this claim at trial.

Evidence of the petitioner's prior conviction for aggravated assault related to the petitioner's charges for felon in possession of a firearm. Counsel states in an affidavit that he filed a motion to sever Counts 8 and 10 (the kidnapping charge and the felon in possession of a firearm charge relating to the kidnapping charge) from the rest of the petitioner's charges to prevent the jury from hearing prejudicial evidence of the petitioner's prior bad acts. The Court denied this motion and the Court's decision was upheld by the Fourth Circuit Court of Appeals.

On appeal, the petitioner argued that the Court improperly joined his kidnapping charge and felon in possession of a firearm charge related to the kidnapping charge with his drug charges and other felon in possession of a firearm charges. The Court of Appeals first held that

joinder of the kidnapping and related felon in possession of a firearm charges with his drug charges was not prejudicial because of the substantial evidentiary overlap between the charges. The petitioner's prior drug activities would likely have come in to show the petitioner's motive in kidnapping Bristow.  United States v. Sellers, 62 Fed. Appx. 499, 504 (4th Cir. 2003)(unpublished disposition).  The Court of Appeals then held that any jury confusion caused by the joinder of the kidnapping and related felon in possession of a firearm charge with the other felon in possession of a firearm charges, was cured by the Court's limiting instruction to consider each offense separately.  Id.  The petitioner's current claim does not differ substantively from the issue he raised to the Fourth Circuit Court of Appeals on direct review concerning improper joinder.  A petitioner is not "allowed to recast, under the guise of collateral attack, questions fully considered by [the Court of Appeals on direct review]."  Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).  The Fourth Circuit has spoken on this issue and the petitioner is not able to show counsel's failure to pursue this claim prejudiced him.  The petitioner, therefore, is not entitled to relief on this claim.

The Court therefore grants the government's motion for summary judgment and dismisses this petition.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 13, 2005
Charleston, South Carolina