# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### FLORENCE DIVISION

| | | |
|---|---|---|
| Frederick Lynn Sellers, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:04-22627-12 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On October 15, 2004, pursuant to 28 U.S.C. § 2255, Frederick Lynn Sellers ("petitioner") commenced this pro se action attacking his conviction and sentence. On December 22, 2004, the government moved for summary judgment. On December 30, 2004, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On May 13, 2005, the Court filed an order granting the government's motion for summary judgment and dismissed the case. The Court issued this order, however, without considering the petitioner's response to the government's motion for summary judgment.[1] Subsequent to issuing the order and dismissing the case, the Court discovered the response to the government's motion for summary judgment. The Court has considered the issues raised in petitioner's response, and this matter is now ready for disposition.

On April 19, 2001, a federal grand jury charged the petitioner in a ten count indictment.

---

[1] The petitioner's response was sent to chambers, but it was not filed. On May 18, 2005, the petitioner filed a letter inquiring as to the status of his response to the government's motion for summary judgment.

The petitioner proceeded to a jury trial where he was convicted of:  Count (1) conspiracy to possess and distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 846, Count (2) possession with the intent to distribute and did distribute less than 5 grams crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Count (3) possession with the intent to distribute and did distribute less than 5 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Count (4) possession with the intent to distribute and did distribute less than 5 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Counts (6), (7), (8), and (9) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a), and Count (10) kidnapping resulting in death in violation of 18 U.S.C. § 1201.  On April 23, 2002, the Court sentenced the petitioner to life in prison.

The petitioner appealed his conviction and sentence raising the following issues:  (1) insufficient evidence to convict him of a kidnapping charge which affected interstate commerce because his victim consented to being transported across state lines, (2) improper joinder of his counts for kidnapping (Count (10)) and felon in possession of a firearm (Count (8)) with the rest of the petitioner's possessions of a firearm and drug conspiracy and possession counts, and (3) improper enhancement of the petitioner's drug conspiracy conviction sentence based upon the murder of his victim.  The Court of Appeals reviewed the petitioner's first claim under a sufficiency of the evidence standard, the second claim *de novo* and abuse of discretion standard [2], and the third claim under a clear error standard.

---

[2] The Court of Appeals first used a *de novo* standard to decide that joinder of the petitioner's offenses was proper under Rule 8(a) of the Federal Rules of Criminal Procedure. The Court of Appeals subsequently held that the Court did not abuse its discretion by denying the petitioner's motion for severance based on the Court of Appeal's determination that the petitioner was not prejudiced by the joinder of the offenses.

On May 7, 2003, the Fourth Circuit Court of Appeals analyzed these issues and affirmed the petitioner's conviction and sentence. On October 20, 2003, the Supreme Court denied the petition for writ of certiorari.

The petitioner raises the following claims in his petition and response: (1) the Court charged the jury with an aiding and abetting charge, but the petitioner was only charged in an indictment for being the principal actor and not for aiding and abetting. In addition, at trial, the government only presented evidence that the petitioner was guilty of aiding and abetting and not being the principal actor. No principal actor was charged in the indictment; (2) ineffective assistance of counsel for allowing the jury to hear evidence of the petitioner's prior bad acts and not refuting the same with positive character evidence; (3) ineffective assistance of counsel for allowing the Court to charge the jury with an aiding and abetting offense not included in the petitioner's indictment; (4) ineffective assistance of counsel at trial for failing to argue that the key witness for the government lied to reduce her sentence, present witnesses who could testify that the kidnapping and murder victim, Larry Bristow, entered his vehicle voluntarily, investigate the vehicle where the petitioner shot Bristow in the leg, present witnesses from a drug house who could undermine the kidnapping charge, and present witnesses who could refute the charge that the petitioner placed two firearms underneath a parked car; (5) ineffective assistance of counsel for not preparing the case for trial and not challenging the validity of the petitioner's arrest and the following search of his home; (6) ineffective assistance of counsel for allowing double counting in his sentence; (7) ineffective assistance of counsel for not moving to dismiss the felon in possession of firearm charges; and (8) the petitioner's sentence violates the

principles set forth in <u>Blakely v. Washington</u>, 124 S.Ct. 2531, 2536 (2004).[3]

First, the petitioner claims that the Court charged and the jury convicted him of aiding and abetting the kidnapping and death of Larry Bristow, but he was only indicted for the kidnapping and death of Bristow and not aiding and abetting.  Accessories of a crime against the United States will be punished as the principal.  <u>See</u> 18 U.S.C. § 2.  Because section 2 makes it clear that all accessories will be punished as a principal, aiding and abetting is implicit in all indictments.  <u>Pigford v. United States</u>, 518 F.2d 831, 834 (4th Cir. 1975); <u>see also</u> <u>United States v. Rashawan,</u> 328 F.3d 160, 165 (4th Cir. 2003).  As a result, the government is not required to specifically charge a defendant for aiding and abetting a crime as long as the government charges the defendant with being the principal actor of the crime.  <u>Pigford</u>, 518 F.2d at 834.

 The petitioner also claims the Court did not charge a principal actor responsible for the kidnapping resulting in death offense in his indictment.  To obtain a conviction for aiding and abetting, the government need not prove the actual identity of the principal, provided the government proves the underlying crime was committed by someone.  <u>United States v. Horton</u>, 921 F.2d 540, 543 (4th Cir. 1990).  The government, consequently, is not required to charge a principal and accessory in the same indictment.  The Court correctly charged the jury that the government must prove someone willfully, intentionally, and deliberately killed Bristow and the petitioner aided and abetted that person in the commission of the intentional, deliberate, willful killing of Bristow.  The petitioner is not entitled to relief on this claim.

Second, the petitioner claims that his sentence violates the principles set forth in  <u>Blakely</u>

---

[3] Two attorneys represented the petitioner at trial, William F. Nettles, IV and Henry M. Anderson, Jr.  These attorneys are collectively referred to as "counsel."

v. Washington, 124 S. Ct. 2531 (2004). Recently, the United States Supreme Court reaffirmed those principles. See United States v. Booker, 125 S. Ct. 738 (2005). The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25.

Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). Here, the petitioner's case has run its course and his conviction and sentence became final in 2003, "well before Booker was issued, and its approach therefore does not govern [this] collateral proceeding." Id.

Third, the petitioner claims that the government presented evidence concerning the petitioner's past convictions for aggravated assault which was not relevant to the petitioner's charge of aiding and abetting the kidnapping and death of Larry Bristow. This evidence, the petitioner claims, was an attack on his character and not relevant under Rule 404(b) of the Federal Rules of Evidence. The petitioner also argues that counsel was ineffective for not raising this claim at trial.

Evidence of the petitioner's prior conviction for aggravated assault was relevant to the petitioner's charges for felon in possession of a firearm and drug violations. Counsel states in an affidavit that he filed a motion to sever Counts 8 and 10 (the kidnapping charge and the felon in possession of a firearm charge related to the kidnapping charge) from the rest of the petitioner's charges to prevent the jury from hearing prejudicial evidence of the petitioner's prior bad acts. The Court denied this motion and the decision was upheld by the Fourth Circuit Court of Appeals.

On appeal, the petitioner argued that the Court improperly joined his kidnapping charge

and felon in possession of a firearm charge related to the kidnapping charge with his drug

charges and other felon in possession of a firearm charges.  The Court of Appeals first held that

joinder of the kidnapping and related felon in possession of a firearm charges with his drug

charges was not prejudicial because of the substantial evidentiary overlap between the charges.

The petitioner's prior drug activities would likely have come in to show the petitioner's motive

in kidnapping Bristow.  United States v. Sellers, 62 Fed. Appx. 499, 504 (4th Cir.

2003)(unpublished disposition).  The Court of Appeals then held that any jury confusion caused

by the joinder of the kidnapping and related felon in possession of a firearm charge with the

other felon in possession of a firearm charges, was cured by the Court's limiting instruction to

consider each offense separately.  Id.  The petitioner's current claim does not differ substantively

from the issue he raised to the Fourth Circuit Court of Appeals on direct review concerning

improper joinder.  A petitioner is not "allowed to recast, under the guise of collateral attack,

questions fully considered by [the Court of Appeals on direct review]."  Boeckenhaupt v. United

States, 537 F.2d 1182, 1183 (4th Cir. 1976).  The Fourth Circuit has spoken on this issue and the

petitioner is not able to show counsel's failure to pursue this claim prejudiced him.  The

petitioner, therefore, is not entitled to relief on this claim.

Finally, the petitioner contends that counsel was ineffective at trial and sentencing.  In

claims of ineffective assistance of counsel, a court "must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland

v.Washington, 466 U.S. 668, 689 (1984).  The Strickland Court established a standard for

determining when counsel has performed in a manner so defective as to be deemed a violation of

the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second, the
> defendant must show that the deficient performance prejudiced the
> defense.  This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable.  Unless a defendant makes both showings, it
> cannot be said that the conviction . . . resulted from a breakdown in
> the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness.  Id. at 687-88.  Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential."  Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice.  The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

First, the petitioner claims counsel was ineffective for not objecting to the aiding and abetting charge.  As explained above, the petitioner's claim is without merit and counsel was not ineffective for failing to raise the claim.  Counsel's decision not to raise the claim did not prejudice the petitioner.  The petitioner is not entitled to relief on this claim.

Second, the petitioner claims counsel was ineffective for failing to challenge the validity

Page 7 of  11

of his arrest and subsequent search of his home.  The petitioner, however, fails to provide a

reason as to why his arrest was illegal and search of his home invalid.  Moreover, the petitioner

does not point to evidence wrongfully seized from his home and then used against him at trial.

The petitioner is not entitled to relief on this claim.

Third, the petitioner claims counsel was ineffective for allowing the Court to order a life

sentence on each of the convicted counts.  The Court sentenced the petitioner to life on the

conspiracy to distribute crack cocaine conviction based on an enhancement for the murder of

Bristow.  The life enhancement to this count was mandated by sentencing guideline 2D1.1(d)(1).

The Court of Appeals held that the murder of Bristow was in furtherance of the drug conspiracy.

Sellers, 62 Fed. Appx. at 504-505.  The petitioner, therefore, has not demonstrated counsel's

failure to object to the enhancement prejudiced him.  The Court also sentenced the petitioner to

life on the felon in possession of a firearm charges based on an enhancement for the murder of

Bristow.  This enhancement was mandated by sentencing guidelines 2K2.1(c)(1)(B) and

2A1.1(a).  The petitioner fails to allege the ground on which counsel could have based an

objection to this enhancement, and he, consequently, fails to demonstrate counsel's

representation prejudiced him.  In addition, the Court sentenced the petitioner to life based on the

kidnapping and murder of Bristow.  This enhancement was mandated by sentencing guidelines

2A4.1(c) and 2A1.1.  Again, the petitioner does not set forth the Court's error in applying these

guidelines and fails to demonstrate counsel's representation prejudiced him.  The petitioner is

not entitled to relief on this claim.

Fourth, the petitioner claims counsel should have filed a motion to dismiss his felon in

possession of a firearm charges because he was convicted as a youth offender and consequently

his civil rights were restored.  The petitioner was convicted in state court for selling crack to an

undercover officer and was imprisoned for two years.  Section 922(g) makes it unlawful for any

person convicted of a crime punishable by imprisonment exceeding one year to possess a

firearm.  An exception occurs if a defendant has had his civil rights restored.  18 U.S.C. §

921(a)(33)(B)(ii).  A defendant who has been convicted of a crime punishable in excess of one

year and whose civil rights were not taken away is not eligible for the exception.  United States

v. Jennings, 323 F.3d 263, 269 (4th Cir. 2003).  The exception requires a defendant's civil rights

to be restored.  Id.  The only way civil rights are restored in South Carolina is through a pardon.

See S.C. Code § 24-21-990.  The petitioner's civil rights were not restored and he violated

section 922(g).  In addition, the petitioner does not point to a South Carolina law which restores

the civil rights of a defendant who is sentenced as a youth offender.  The petitioner is not entitled

to relief on this claim.

Fifth, the petitioner claims counsel was ineffective for not objecting to irrelevant

character evidence.  As explained above, this evidence was relevant as to his felon in possession

of firearm and drug charges.  The Fourth Circuit held the petitioner was not prejudiced by

joining these charges with his kidnapping and drug charges and the Court cured any prejudice by

a proper limiting instruction.  The petitioner is not entitled to relief on this claim.

Sixth, the petitioner contends for the first time in his response to the government's

motion for summary judgment that his attorneys did not adequately prepare his case for trial.

The petitioner, however, does not identify acts or omission by his attorneys which were the

result of a lack of preparation.  A petitioner must identify acts or omissions of counsel that were

alleged to have not been the result of reasonable professional judgment.  Strickland, 466 U.S. at

690.  Moreover, a petitioner must affirmatively prove prejudice.  Id at 693.  Conclusory

allegations of ineffective assistance are legally insufficient to create an issue of fact.  In addition,

counsel states in an affidavit that he and co-counsel were prepared for trial.  The petitioner is not

entitled to relief on this claim.

Seventh, the petitioner asserts counsel did not present the following exculpatory

evidence: (1) Keisha Hamilton "publicly boasted" that she had lied to law enforcement; (2)

several witnesses could testify that Bristow entered the petitioner's vehicle voluntarily; (3) no

blood, bullets, or bullet holes were found in the vehicle where the petitioner shot Bristow in the

leg; (4) witnesses from the drug house could have testified that Bristow entered the petitioner's

vehicle voluntarily; (5) information regarding the petitioner's employment or his support of his

mother, who is a minister; and (6) eyewitnesses who could testify that the petitioner did not

place two firearms underneath a vehicle as the government alleged he had done in an incident

prior to the kidnapping of Bristow.

Counsel states in an affidavit that the petitioner never provided him with names of

witnesses who could have corroborated the claims listed above.  Moreover, the petitioner does

not allege what these unnamed witnesses would have testified to.  In addition, counsel states he

was aware that Keisha Hamilton lied to authorities regarding the case.  The record reveals that

counsel questioned Hamilton regarding these inconsistent statements.  Counsel also correctly

states in the affidavit that the petitioner's employment history with his mother was not relevant

to any issue at trial.  Finally, witnesses stated that the petitioner shot Bristow in the leg while he

was in the vehicle.  Moreover, authorities investigated the vehicle the petitioner refers to.

Authorities found that a fire had been set inside the vehicle, spent shell casings were in the

vehicle, and a jacket with blood stains was on the driver's front seat of the vehicle.  The petitioner fails to demonstrate prejudice and is not entitled to relief on this claim.

Eighth, the petitioner claims the government did not prove the firearms he possessed affected interstate commerce, and the government did not prove what type of firearms he possessed.  With the exception of Count (7), the indictment charged the type of firearm the petitioner possessed.  All of the possession of firearm counts alleged the date the petitioner possessed the firearm.  Count (7) charged that on or about May 12, 1997, the petitioner possessed a firearm which had previously been shipped and transported in interstate commerce.  The government presented evidence showing that on May 12, 1997, the petitioner shot Willie McCall with a revolver.  Moreover, the government presented expert testimony that the firearms charged in the indictment and the revolver eyewitnesses testified the petitioner shot McCall with on May 12 were not manufactured in South Carolina.  The government proved the firearms affected interstate commerce and the Court charged the jury that they must find beyond a reasonable doubt that the firearms affected interstate commerce.  The petitioner fails to demonstrate prejudice and is not entitled to relief on this claim.

The Court therefore grants the government's motion for summary judgment and dismisses this petition.

**AND IT IS SO ORDERED**.

July 6, 2005                                         **C. WESTON HOUCK**
Charleston, South Carolina                **UNITED STATES DISTRICT JUDGE**