IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC

2011 APR 27  P 4: 02

| | |
|---|---|
| Frederick Lynn Sellers, ) | |
| ) | |
| Movant, ) | Cr. Action No. 4:04-22627-CWH-13 |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

## I. Introduction

The defendant, Frederick Lynn Sellers (the "defendant"), has filed a pro se motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, seeking relief from this Court's order dismissing his § 2255 petition. This Court finds that the defendant's Rule (60(b)(6) motion is appropriately construed pursuant to 28 U.S.C. § 2255, and, for the reasons set forth below, it will be dismissed without prejudice for lack of jurisdiction.

## II. Procedural History

On April 19, 2001, a federal grand jury charged the defendant in a ten-count indictment. The defendant proceeded to a jury trial, where he was convicted of nine of the ten counts: one count of conspiring to possess and distribute over 50 grams of crack cocaine, in violation of 21 U.S.C. § 846; three counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); four counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and one count of kidnapping resulting in death, in violation of 18 U.S.C. § 1201. On April 23, 2002, the Court sentenced the defendant to life imprisonment on both the



kidnapping and drug conspiracy counts. The defendant appealed, and on May 7, 2003, the Fourth Circuit Court of Appeals affirmed the conviction and sentence. United States v. Sellers, 62 F. App'x 499, 501 (4th Cir. 2003) (unpublished per curiam opinion). The Supreme Court denied the defendant's petition for a writ of certiorari on October 20, 2003. Sellers v. United States, 540 U.S. 928 (2003).

On October 15, 2004, the defendant commenced a pro se action attacking his conviction and sentence pursuant to 28 U.S.C. § 2255. The government moved for summary judgment, and the defendant filed a reply. On July 6, 2005, this Court filed its order granting summary judgment to the government and dismissing the defendant's § 2255 petition. The defendant appealed and moved for a certificate of appealability. On April 3, 2006, the Fourth Circuit Court of Appeals denied his motion for a certificate of appealability and dismissed the appeal. United States v. Sellers, 173 F. App'x 296, 297 (4th Cir. 2006) (unpublished per curiam opinion). The defendant's petition for rehearing and rehearing en banc was denied on July 25, 2006. The defendant filed his Rule 60(b)(6) motion on December 6, 2007.[1]

### III. Discussion

In the instant motion, the defendant alleges that, after the United States Supreme Court denied his petition for a writ of certiorari, he wrote to his attorneys to request a complete copy of the record in order to file a § 2255 petition. He contends that when his attorneys failed to respond, he wrote to the clerk of court to obtain a copy of the record. He alleges that he never received a response to his requests for a copy of the record, and therefore was unable to properly

---

[1] See Houston v. Lack, 487 U.S. 266, 268 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



present his claims in his § 2255 petition.[2] He now asks the Court to set aside its order dismissing his original § 2255 petition, provide him with a complete copy of the record, and reinstate his § 2255 petition. (ECF No. 32-1 at 2-3).

### A. Standard of review

The defendant is proceeding pro se in this case. Pro se complaints and petitions should be construed liberally and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### B. The defendant's motion is a successive § 2255 petition

As noted, the defendant has filed this motion pursuant to Section 60(b)(6). However, the defendant's request for relief makes clear that his Rule 60(b)(6) motion is, in fact, a successive § 2255 petition. The subject matter of a motion, not the caption assigned to it by a pro se litigant, determines its status. United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover."

---

[2] This Court's review of the docket indicates that the defendant requested a copy of the docket sheet in this case on May 18, 2005, and a copy was sent to him that same day. (ECF No. 13). The defendant later requested a copy of his docket sheet and copies of affidavits of counsel on July 20, 2005, and copies were mailed to him that same day. (ECF No. 24).



Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). As the procedural history recited above makes clear, the defendant already has filed a § 2255 petition. His Rule 60(b)(6) motion seeks to reinstate his § 2255 petition, and thus challenges the same conviction and sentence which was adjudicated on the merits. Therefore, the present petition is successive. See Slack v. McDaniel, 529 U.S. 473, 485-489 (2000) (to qualify as a "successive" petition, the prior petition must have been adjudicated on the merits).

### C. The Court lacks jurisdiction to hear the defendant's successive § 2255 petition

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), second or successive § 2255 petitions require pre-filing authorization from a court of appeals before they may be considered by the district court. 28 U.S.C. §§ 2244(b)(3)(A); 2255(h); Felker v. Turpin, 518 U.S. 651, 657 (1996). Absent pre-filing authorization, a district court lacks jurisdiction to consider the claims. Winestock, 340 F.3d at 205. The defendant failed to obtain pre-filing authorization from the Fourth Circuit before he filed his successive § 2255 petition. Thus, the Court lacks jurisdiction to adjudicate the pending motion (ECF No. 32), and it must be dismissed on that basis.

### D. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that the defendant is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether the defendant is nonetheless entitled to a certificate of appealability with respect to one or more of the issues he has presented in his petition. A certificate of appealability may issue only upon a "substantial showing of the denial



of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a defendant's constitutional claims have been adjudicated and denied on the merits by the district court, the defendant must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack, 529 U.S. at 483-84.

Where a petitioner's constitutional claims are dismissed on procedural grounds, as here, a certificate of appealability will not issue unless he can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the claims presented in the defendant's motion in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of the defendant's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## IV. Conclusion

It appears to the Court that the defendant's Rule 60(b) motion was filed in an attempt to avoid the successiveness limitations of 28 U.S.C. § 2255. This Court's construction of the motion in this case discloses that, regardless of the title of the motion, it is, in fact, a § 2255


#5
COA.

petition. As the motion appears to be an un-authorized successive Section 2255 petition, it is subject to summary dismissal. The defendant's motion (ECF No. 32) is dismissed without prejudice for lack of jurisdiction, and his motion (ECF No. 53) for an order granting relief, as requested in his Rule 60(b) motion, is moot.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

April 27, 2011
Charleston, South Carolina